United States District Court
for the
Southern District of Florida

Road Space Media, LLC, Plaintiff, )
)
v. ) Civil Action No. 19-21971-Civ-Scola
)
Miami Dade County, Defendant. )

**Order on Defendant's Motion to Dismiss**

This matter is before the Court on Defendant's motion to dismiss the Plaintiff's Second Amended Complaint. (ECF No. 34.) The Plaintiff filed a response (ECF No. 35) and the Defendant replied (ECF No. 39). Upon review of the record, the parties' briefs, and the relevant legal authority, the Court **grants in part and denies in part** the Defendant's motion. (**ECF No. 34**.)

**I.   Background**

Plaintiff Road Space Media, LLC ("Road Space") is a company that specializes in developing and operating signs that are used by businesses for commercial and noncommercial messages. (Second Amended Complaint at ¶ 1, ECF No. 31.) Road Space reached agreements with property owners to post new signs on several parcels in Miami Dade County. (*Id.* at ¶ 6.) Pursuant to these agreements, Road Space submitted 18 sign permit applications to the County on August 9, 2018. (*Id.* at ¶ 9.)

According to the Plaintiff's complaint, all 18 applications were approved by the structural and building department but denied by the sign department. (*Id* at ¶¶ 12-14.) The County denied the applications based solely on the content of the proposed signs. (*Id.* at ¶ 15.) Road Space then contacted the County to ask about the denials and inquire about the proper procedure to appeal the denials. (*Id.* at ¶ 20.) On September 11, 2018, Road Space sent a letter to the County requesting an appeal because its diligent research of the Sign Code and other County documents provided no guidance on the proper appeal procedure. (*Id.* at ¶¶ 22-24.)

After finally communicating with the County and being pointed in the right direction, Road Space delivered 18 appeal packets to the County on February 4, 2019. (*Id.* at ¶ 39.) Road Space submitted the appeal fee of $1,100.81 but was later informed that this only covered *one* appeal. (*Id.* at ¶¶ 39-40.) The total fee for 18 appeals was $23,107.32. (*Id.* at ¶ 43.) The County informed Road Space that the appeals could not be accepted for failure to pay the required fee and various other shortcomings outlined in a letter dated October 19, 2019. (*Id.* at

¶¶ 42-45.) According to the Plaintiff, the reasons outlined by the County in its letter are not based on the Sign Code. (*Id.* at ¶ 44.)

Road Space now sues the County challenging the constitutionality of the sign permitting scheme, the County's Sign Code, the appeals process, and the appellate fee. The County moves to dismiss Road Space's complaint in its entirety.

## II. <u>Legal Standard</u>

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all allegations in the complaint as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Faced with a motion to dismiss, a court should therefore "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their accuracy and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 662 (2009)). "Regardless of the alleged facts, a court may dismiss a complaint on a dispositive issue of law." *Surgery Center of Viera, LLC v. Southeastern Surveying and Mapping Corp.*, No. 17-cv-754-orl-40TBS, 2018 WL 922202, at *3 (M.D. Fla. Jan. 31, 2018) (citations and quotations omitted).

## III. <u>Analysis</u>

Each of Plaintiff's counts includes facial and as applied challenges to the County's Sign Code. "When a statute is challenged as facially invalid, a court may entertain such a challenge where every application of the challenged provision may create an impermissible risk of suppression of ideas." *Café Erotica of Fla., Inc. v. St. Johns Cty.*, 360 F.3d 1275, 1281 (11th Cir. 2004). "It is the most difficult challenge to mount successfully because it requires a defendant to show that no set of circumstances exists under which the law would be valid." *United States v. Ruggiero*, 291 F.3d 1281, 1285 (11th Cir. 2015) (quotations and citations omitted). "As applied claims attack statutes that are legal as enacted, but have been applied in an arbitrary and capricious manner." *Jackson v. Okaloosa Cty.*, 21 F.3d 1531, 1541 n.16 (11th Cir. 1994). "In order for an as applied claim to be ripe, the plaintiff usually must demonstrate that the regulation has been applied to him." *Id.* Although the Plaintiff does not

distinguish between its as applied and facial challenges, the Court will address each in turn.

### A. Count I – Whether the County's permitting mechanism is unconstitutional on its face and as applied to Road Space based on its lack of procedural safeguards

Count I of the Plaintiff's complaint challenges the constitutionality of the Sign Code based on its failure to set reasonable time limits on a County official's decision-making power. (ECF No. 31 at ¶ 75.) Under the Sign Code, if a County official has not made a decision regarding a sign permit application in 30 days, the application is automatically denied. (*Id.* at ¶ 72.) The Plaintiff claims that the automatic denial does not ensure prompt resolution of a sign application and is therefore unconstitutional. (*Id.* at ¶¶ 76-78.) In response, the Defendant argues that the automatic denial provision has been upheld by the Eleventh Circuit and is therefore constitutional. (ECF No. 34 at 8.)

As an initial matter, the automatic denial provision has never been applied to Road Space. Indeed, Road Space asserts that its authorized agent, William Benham, received a series of emails from the County informing him that review of the applications had been completed. (ECF No. 31 at ¶ 11.) Mr. Benham received approvals from the Building and Structural Departments and denials by the Sign Department. (*Id.* at ¶¶ 12-14.) Therefore, the Plaintiff's as applied challenge to the automatic denial provision is not ripe for the Court's review. *See Jackson*, 21 F.3d at 1541 n.16 ("In order for an as applied claim to be ripe, the plaintiff usually must demonstrate that he regulation has been applied to him."); *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1255 n.20 (11th Cir. 2012) ("The Amended Complaint does not state an as-applied challenge. . . [because] the [law] has not been applied to them."). Accordingly, Plaintiff's as applied challenge in Count I is dismissed.

The Plaintiff, however, may pursue a facial challenge to the automatic denial provision. "A prior restraint on speech exists when the government can deny access to a forum for expression before the expression occurs." *Café Erotica of Fla.,* 360 F.3d at 1282. The Sign Code requires a permit before erecting a new sign, "thereby making it a restraint on speech in advance of its occurrence." *Id.* To pass constitutional muster, prior restraints must "(1) ensure that permitting decisions are made within a specified time period and must (2) avoid unbridled discretion in the hands of a government official." *Id.* (citations and quotations omitted). To satisfy the first prong, "an ordinance should contain two procedural safeguards: (1) licensing officials must be required to make prompt decisions, and (2) prompt judicial review must be available to correct erroneous denials." *Id.* at 1283.

The Plaintiff's claim in Count I focuses on the "prompt decision" requirement.[1] According to the Plaintiff, the automatic denial of a permit after 30 days does not afford prompt decision making. In *Café Erotica,* the Eleventh Circuit upheld an ordinance that gave the County Administrator "thirty days to deny or approve a fully completed sign application and twenty days to notify the applicant of any deficiencies. Significantly, if the application is not approved or denied within the thirty-day period, the sign is deemed denied." 360 F.3d at 1283 (emphasis added). The Court reasoned that the automatic denial provision ensured that the County Administrator could not delay the permitting process indefinitely. *Id.* Following the precedent established in *Café Erotica,* this Court finds that the automatic denial provision does not run afoul of the constitutional requirement that permitting decisions must be made promptly.

In an effort to distinguish *Café Erotica*, the Plaintiff argues that the Eleventh Circuit upheld the automatic denial provision only because it was coupled with a prompt appeals process. (ECF No. 35 at 5.) The Plaintiff misreads *Café Erotica.* The *Café Erotica* court addressed the appeals process as part of the "prompt judicial review" prong and never held that *together* this framework was acceptable. *See Café Erotica*, 360 F.3d at 1283. Accordingly, the Court grants the Defendant's motion to dismiss Count I.

## B. Count II – Whether the County's appeal mechanism for signs is unconstitutional on its face and as applied to Road Space because it lacks procedural safeguards and is unduly discretionary

Count II challenges the "prompt judicial review" requirement as well as the "no unbridled discretion" requirement. *Café Erotica,* 360 F.3d at 1283-84. The Plaintiff asserts that it appealed its sign applications on September 11, 2018 and has yet to be given a hearing date. (ECF No. 31 at ¶ 85.) Moreover, the Plaintiff has found itself subject to "an endless series of changing requirements and delays." (*Id.* at ¶ 86.) The Sign Code does not contain standards or guidelines that the board hearing the appeal is supposed to apply when considering an appeal. (*Id.* at ¶ 89.)

In response, the Defendant argues that the Plaintiff misunderstands the Sign Code and the Zoning Code as a whole. (ECF No. 34 at 9-10.) According to the Defendant, the Sign Code provides that an applicant may appeal the denial of a sign permit to the applicable board and such appeal shall be heard at the

---

[1] Although the Plaintiff's opposition to the motion to dismiss argues that there is "no guarantee of quick action on sign appeals," Count I and the majority of the briefing focuses on the automatic denial provision. (ECF No. 35 at 5.) Therefore, the Court will not address the appeals process under this section. The appeals process is the basis for Count II of the complaint.

next regular meeting after notice pursuant to Section 33-310(c). (*Id.* at 9.) Given that the Community Zoning Appeal Board ("CZAB") meets on a monthly basis, the appeal process is not indefinite and undefined. Moreover, the Defendant asserts that the "particular code provision or provisions that formed the basis of the sign-permit denial" would form the basis for the board's appellate review. The board simply applies those code provisions and determines whether the application meets those provisions. (*Id.* at 12.)

"A motion to dismiss is appropriate only when it is demonstrated beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. For the purpose of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true." *S.M. v. Feaver*, No. 03-80567, 2003 WL 22594330, at *2 (S.D. Fla. Oct. 9, 2003) (Hurley, J.) (citations and quotations omitted). "Furthermore, the threshold is exceedingly low for a complaint to survive a motion to dismiss for failure to state a claim." *Id.*

Based on the Plaintiff's allegations, it appealed the denial of its sign permits in February 2019. (ECF No. 31 at ¶ 39.) A County official sent Road Space an email claiming that the appeal could not be accepted and enumerated a number of issues with the application. (*Id.* at ¶ 43.) According to the Plaintiff, these criteria are not in the Sign Code. Moreover, the appeal could not be accepted because the Plaintiff failed to pay the appeal fee of $23,107.32. The additional requirements and fees were "concocted" to delay the appeal because there is no time frame for appellate review and unlimited discretion exercised by the County officials. (*Id.* at ¶¶ 48-50.)

Accepting these allegations as true, the Court declines to dismiss Count II. Although the Defendant provides a competing interpretation of the relevant provisions of the Sign Code, the Court must construe the complaint in the light most favorable to the Plaintiff at the motion to dismiss stage.

### C. Count III – Whether the County's variance mechanism is unconstitutional on its face and as applied to Road Space because it lacks procedural safeguards and is unduly discretionary

Count III of the Plaintiff's complaint asserts a facial and as applied to challenge to the County's variance process. (ECF No. 31 at 20.) According to the Plaintiff, the "variance process indisputably has no time limits." (*Id.* at ¶ 96.) And the variance process for signs "is also unconstitutional because the applicable standards are unduly subjective." (*Id.* at ¶ 98.)

As an initial matter, Road Space admits that it has never applied for a variance. (*Id.* at ¶ 95.) Therefore, the Plaintiff's as applied challenge to the variance process is not ripe for the Court's review. *See Jackson*, 21 F.3d at 1541

n.16 ("In order for an as applied claim to be ripe, the plaintiff usually must demonstrate that the regulation has been applied to him."); *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1255 n.20 (11th Cir. 2012) ("The Amended Complaint does not state an as-applied challenge. . . [because] the [law] has not been applied to them."). Accordingly, Plaintiff's as applied challenge in Count III is dismissed.

With regard to the Plaintiff's facial challenge, the Defendant argues that the Plaintiff does not have standing to challenge the variance procedures because Road Space has not applied for a variance. (ECF No. 34 at 13.) However, Road Space does not have to apply for a variance to assert a facial challenge. Because Road Space would be "subject to" these procedures if it applied for a variance, it has standing to mount a facial challenge. *CAMP Legal Defense Fund, Inc. v. City of Atlanta,* 451 F.3d 1257, 1274 (11th Cir. 2006). "That city officials have not yet exercised their discretion to refuse [plaintiff's] proposed [activity] is immaterial because it is the existence, not the imposition, of standardless requirements that causes [] injury." *Id.* at 1275. Road Space "would be subject to these procedural requirements whenever it submits an application." *Id.* at 1274-75. This is sufficient to confer standing for a facial challenge. *Id.* Accordingly, the motion is denied as to the facial challenge in Count III.

### D. Count IV – Whether the appeal fees for signs are unconstitutional

Count IV of the Plaintiff's complaint alleges that the fee of $1,238.74 per sign ($23,107.32 for 18 signs) plus other "unknown costs" is "not tied to Miami-Dade's actual costs." (ECF No. 31 at ¶ 102.) According to the Plaintiff, the $1,283.74 does not include the unknown amount of administrative costs for sending notice to neighboring property owners. (*Id.* at ¶ 103.) In response, the County argues that the Plaintiff's allegations are insufficient to state claim. (ECF No. 34 at 15.) Upon review, the Court agrees with the County.

To survive a motion to dismiss, the Plaintiff's allegations must "state claim for relief that is plausible—and not merely possible—on its face." *Almanza v. United States,* 851 F.3d 1060, 1066 (11th Cir. 2017) (citations omitted). "Under this standard, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2007)). Here, the Plaintiff does not provide any factual allegations to support its assertions that the appeal fee is above and beyond Miami-Dade's actual costs. The Plaintiff does not assert what it believes would be a more reasonable fee or what other municipalities charge to administer permitting applications and appeals. The Plaintiff claims, "only at the highest order of generality and without any factual development," that the appeal fees are unconstitutional. *Boyd v. Warden, Holman Correctional Facility,* 856 F.3d 853,

871 n.2 (11th Cir. 2017). The Court finds that the Plaintiff's allegations "appear to fall short of pushing [its] claim across the line from conceivable to plausible." *Id.* The fact that the "unknown" administrative cost of providing notice to neighbors is not quantified does not change the Court's opinion. Some signs may require notice to a crowded neighborhood, which would naturally cost more than a sign erected on a highway. Given these variations, it would be almost impossible for the County to include this as part of the appeal fee. Accordingly, the Court grants the County's motion to dismiss Count IV.

### E. Counts V, VI, VII, VIII – Whether the Sign Code is unconstitutional on its face and as applied

The Plaintiff next challenges Counts V-VIII arguing that Road Space does not have standing to pursue its as applied challenges to specific provisions of the Sign Code. Count V alleges that the sign applications were denied because Section 33-82(2) of the Code impermissibly regulates content. (ECF No. 31 at ¶¶ 62, 111-13.) Count VI alleges that Section 33-94(g) impermissibly exempts government-sponsored signs from the Sign Code. (*Id.* at ¶ 121.) Count VII alleges that the Sign Code affords County Officials undue discretion. (*Id.* at ¶¶ 126-128.) And Count VIII alleges that the Sign Code is unconstitutional because it establishes a presumption that signs are banned. (*Id.* at ¶ 132.)

"Standing for Article III purposes requires a plaintiff to provide evidence of an injury in fact, causation, and redressability." *Rubenstein v. Florida Bar*, 69 F. Supp. 3d 1331, 1338 (S.D. Fla. 2014) (Bloom, J.) (citations and quotations omitted). "Redressability is established when a favorable decision would amount to a significant increase in the likelihood that the plaintiff would obtain relief that directly redresses the injury suffered." *Id.* at 1341. "Several federal courts, including the Eleventh Circuit, have recently concluded that a plaintiff challenging a sign ordinance cannot demonstrate redressability if the plaintiff's permit applications violate unchallenged provisions of the ordinance." *Roma Outdoor Creations, Inc. v. City if Cumming,* 599 F. Sup. 2d 1332, (N.D. Ga. 2009) (citing *Outdoor, LLC v. Clay Cty., Fla.,* 482 F.3d 1299, 1303 (11th Cir. 2007). Here, the Plaintiff's sign applications violated other, *unchallenged* provisions of the sign code. All permit applications were denied for failure to comply with requirements for electrical review of the proposed signs. (ECF No. 34 at 18.) The applications were also denied for failure to comply with other unchallenged provisions of the Sign Code, such as the proposed signs were within 600 feet of an expressway and did not comply with the provisions of an "outdoor advertising sign." (ECF No. 11-10 at ¶ 9.) Therefore, a favorable outcome on Plaintiff's as applied challenges would not alter the end result: a denial of Road Space's sign

applications.[2] *See Roma Outdoor,* 599 F. Supp. 2d at 1341. Accordingly, the Court dismisses the Plaintiff's as applied claims in Counts V-VIII.

With regard to the Plaintiff's facial challenges in Counts V-VIII, the Defendant argues that Road Space's claims are time barred. According to the Defendant, the statute of limitations for a facial constitutional challenge to a law accrues when the law is enacted. (ECF No. 34 at 20.) The Plaintiff's claims are brought under 42 U.S.C. § 1983 and therefore governed by Florida's four-year statute of limitations. *See Chappel v. Rich,* 340 F.3d 1279, 1283 (11th Cir. 2003). According to the Defendant, because the Sign Code was passed in 2007, the Plaintiff's claims are now time barred.

The County's argument relies on the Eleventh Circuit's holding in *Hillcrest Prop., LLC v. Pasco Cty.*, 754 F.3d 1279 (11th Cir. 2014). In *Hillcrest,* the plaintiff asserted a facial due process challenge against a zoning ordinance that required landowners whose property encroaches on a highway to convey in fee simple a portion of their property as a condition for receiving a development permit from the County. *Id.* at 1281. The Eleventh Circuit, for the first time in *Hillcrest,* addressed whether the statute of limitations on a facial due process claim accrues at the time the ordinance is passed or when the landowner is subjected to the ordinance. *Id.* at 1281-82. The Court analogized to the Ninth Circuit's reasoning regarding a constitutional takings claim in *Levald, Inc. v. City of Palm Desert,* 998 F.2d 680 (9th Cir. 1993). "The Ninth Circuit reasoned in *Levald* that in the context of a facial takings claim, the harm occurs immediately upon, and because of, the statute's enactment: the property value depreciates and a taking occurs as soon as the statute goes into effect. Thus, the injury necessarily occurs upon the statute's enactment." *Hillcrest,* 754 F.3d at 1282. In *Kuhnle Bros., Inc. v. Cty. Of Geauga,* 103 F.3d 516 (6th Cir. 1997), the Sixth Circuit extended *Levald's* reasoning to a facial substantive due process claim. *Id.* Like in *Levald*, the Sixth Circuit reasoned that "any deprivation of property that the appellant suffered was fully effectuated when the county ordinance was enacted, and the statute of limitations began to run at that time." *Id.* (quoting *Levald,* 998 F.2d at 688).

Following its sister circuits, the Eleventh Circuit held that Hillcrest's land "became encumbered immediately upon the ordinance's enactment in 2005." *Id.*

---

[2] The Defendant relies on affidavits that go beyond the facts of the Second Amended Complaint to argue that Road Space's sign applications were denied for failure to comply with unchallenged provisions of the Sign Code. Although the Plaintiff takes issue with this, the Defendant can rely on "material extrinsic from the pleadings, such as affidavits or testimony" when asserting a factual attack on the Plaintiff's standing. *Stalley v. Orlando Reg'l Healthcare Sys.,* 524 F.3d 1229, 1232-33 (11th Cir. 2008).

at 1283. The Court reasoned that "the property would have decreased in value at that time because any current or future development plans would have been subject to the Ordinance's requirement[.]" Any future owners would not arguably suffer an injury "because the price they paid for the property [would] reflect[] the burden of [the ordinance]." *Id.* (quoting *Guggenheim v. City of Goleta*, 638 F.3d 1111, 1120 (9th Cir. 2010)).

The Court finds that the reasoning articulated by the Eleventh Circuit does not apply to Road Space's First Amendment challenges. Here, the harm to Road Space or Road Space's property rights (if any) did not occur when the Sign Code was enacted. Unlike in the context of a takings claim or a substantive due process claim alleging deprivations of property rights, Road Space's rights were not injured when the Sign Code was passed in 2007. This Court's holding is consistent with the court's holding in *3570 East Foothill Blvd., Inc. v. Pasadena*, 912 F. Supp. 1268, 1278 (C.D. Cal. 1996). In *3570 East Foothill,* the court rejected the statute of limitations argument asserted against a First Amendment challenge and explained that,

> The City's argument is flawed because it misapprehends the differences between a statute that effects a taking and a statute that inflicts some other kind of harm. In other contexts, the harm inflicted by the statute is continuing, or does not occur until the statute is enforced—in other words, until it is applied. In the takings context, the basis of a facial challenge is that the very enactment of the statute has reduced the value of the property or has effected a transfer of a property interest. This is a single harm, measurable and compensable when the statute is passed.

*Id.* (quoting *Levland*, 998 F.2d at 688). Accordingly, the Court finds that the statute of limitations does not bar the Plaintiff's facial claims in Counts V-VIII.

### F. Claims under the Florida Constitution

Lastly, the Defendant states that the Court should dismiss any state law claims brought under the Florida Constitution. The Court found one sentence in the Second Amended Complaint which states that "[t]hose claims which are brought pursuant to the Florida Constitution are related in such a way to Plaintiff's federal claims that this Court has supplemental jurisdiction[.]" (ECF No. 31 at ¶ 3.) Because the Plaintiff's response does not clarify which claims, if any, are brought pursuant to the Florida Constitution, and the Court does not construe the complaint as containing any state law claims, the Defendant's motion on this point is denied as moot.

## IV. Conclusion

Based on the foregoing, the Court **grants in part and denies in part** the Defendant's motion to dismiss. (**ECF No. 34**.) The Court grants the following relief:

- The Defendant's motion to dismiss Count I is granted.
- The Defendant's motion to dismiss Count II is denied.
- The Defendant's motion to dismiss Count III is granted in part and denied in part. The Plaintiff's as applied claims are dismissed. The Plaintiff's facial claims remain.
- The Defendant's motion to dismiss Count IV is granted.
- The Defendant's motion to dismiss Counts V-VIII is granted in part and denied in part. The Plaintiff's as applied claims are dismissed. The Plaintiff's facial claims remain.

**Done and ordered** at Miami, Florida, on January 28, 2020.

Robert N. Scola, Jr.
United States District Judge