United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Road Space Media, LLC, Plaintiff, ) | |
| ) | |
| v.                                                  ) | Civil Action No. 19-21971-Civ-Scola |
| ) | |
| Miami-Dade County, Defendant.       ) | |

### Omnibus Order on the Parties' Motions for Clarification

Before the Court are the parties' respective motions for clarification of this Court's Order (ECF No. 45) granting in part and denying in part the Defendant's motion to dismiss (ECF No. 34). (Def.'s Mot., ECF No. 46; Pltf.'s Mot., ECF No. 48.) The Plaintiff responded to the Defendant's motion (ECF No. 51), and the time for the Defendant to reply has passed. The Defendant filed a memorandum in opposition to the Plaintiff's motion (ECF No. 52) and the Plaintiff replied (ECF No. 53). Having considered the motions, the briefing, the record, and the relevant legal authorities, the Court **denies** as moot the Defendant's motion for clarification (**ECF No. 46**) and **grants in part** and **denies in part** the Plaintiff's motion for clarification (**ECF No. 48**). As set forth below, the granting in part of the Plaintiff's motion renders the Defendant's motion moot.

The Plaintiff's motion has essentially two parts. First, the Plaintiff seeks clarification as to findings made by the Court in connection with the Defendant's factual attack on the complaint. In sum, the Plaintiff argues that to the extent the Court permitted the Defendant to challenge the Plaintiff's standing and redressability allegations using extrinsic evidence, the Court was required to give the Plaintiff "an opportunity for discovery" to counter the Defendant's evidence. (ECF No. 48 at 3 (quoting *McElmurray v. Consol. Gov't of Augusta-Richmond County*, 501 F.3d 1244, 1251 (11th Cir. 2007)).) At issue is what exactly such an "opportunity" entails. According to the Defendant, under Eleventh Circuit case law, "a district court is under no obligation to give plaintiff an opportunity to conduct jurisdictional discovery when, after a factual attack on jurisdiction is raised, the plaintiff does not *formally* move for jurisdictional discovery." (ECF No. 52 at 2 (emphasis added) (collecting cases).) However, each of the cases cited by the Defendant for that proposition also pointed out that the plaintiffs in those cases failed to diligently seek jurisdictional discovery irrespective of whether they formally moved for jurisdictional discovery. In other words, it was not solely the absence of a "formal" request that drove the outcome in those cases. It was the absence of diligence altogether. *See, e.g., Henriquez v. El Pais Q'Hubocali.com,*

500 F. App'x 824, 830 (11th Cir. 2012) (noting that plaintiff "did not attempt to seek such discovery"); *United Techs. Corp. v. Mazer,* 556 F.3d 1260, 1281 (11th Cir. 2009) (noting that plaintiff "failed to take any formal action to compel discovery"). Additionally, each of the Defendant's cited authorities addressed jurisdictional discovery in the context of personal jurisdiction. Neither party has cited any controlling authority explaining what exactly an "opportunity for discovery" means in the context of subject matter jurisdiction.

The Court is aware of at least three controlling cases in the Eleventh Circuit, decided in the context of subject matter jurisdiction, that remanded for further jurisdictional discovery even absent a "formal" motion for same where jurisdictional discovery was pending at the time of dismissal. *See, e.g., Majd-Pour v. Georgiana Cmty. Hosp., Inc.,* 724 F.2d 901, 903 (11th Cir. 1984) (vacating dismissal order and remanding "where the plaintiff's attorney protested that with discovery he could show the existence of jurisdiction"); *Eaton v. Dorchester Dev., Inc.,* 692 F.2d 727, 729-31 (11th Cir.1982) (remanding because dismissal was "premature" where plaintiff's requests for production of documents bearing on jurisdiction remained outstanding); *see also Blanco v. Carigulf Lines*, 632 F.2d 656, 658 (5th Cir. 1980) ("Plaintiff is not required to rely exclusively upon a defendant's affidavit for resolution of the jurisdictional issue where that defendant has failed to answer plaintiff's interrogatories specifically directed to that issue.").[1] Like the plaintiffs in these three cases, the Plaintiff here did "serve[] Defendants with Interrogatories, Requests for Production, and Requests for Admission." (ECF No. 53 at 3.) Although the present dispute could have been avoided had the Plaintiff formally moved for the Court to withhold ruling on the motion to dismiss and compel jurisdictional discovery, the Defendant has not shown that the Plaintiff was legally required to do so and the Plaintiff has been reasonably diligent in seeking such discovery.

The Court agrees with the proposed remedy that "the Court should clarify that its ruling is preliminary in nature and may be reevaluated after discovery." (ECF No. 48 at 3; *see also id.* at 4 ("The Court should clarify that these fact-intensive issues may be revisited after discovery is completed.")). To the extent the Order dismissed the Plaintiff's as applied claims in Counts V-VIII, the Court clarifies that the factual findings that led to dismissal are only preliminary in nature and may be reevaluated after discovery. (*See* ECF No. 45 at 7-8.) The Court passes no judgment today on the merits of the Plaintiff's discovery requests or any future motion for reconsideration. Any such motion must be based on material evidence that satisfies the requirements for reconsideration.

---

[1] The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

For the reasons set forth herein, the Court also denies the Defendant's motion for clarification as moot. The Defendant's motion seeks to apply the Court's factual findings to dismiss the Plaintiff's facial challenges in Counts V-VIII. (ECF No. 46 at 2.) Having clarified that those factual findings are preliminary in nature, the Court will not apply those findings to dismiss additional claims.

The second part of the Plaintiff's motion for clarification concerns the Court's dismissal of Count IV, which challenged the County's fee for appealing a denied sign-permit application. (ECF No. 48 at 4.) In the order on the motion to dismiss, the Court held that the Plaintiff "does not provide any factual allegations to support its assertions that the appeal fee is above and beyond Miami-Dade's actual costs" and "does not assert what it believes would be a more reasonable fee or what other municipalities charge to administer permitting applications and appeals." (ECF No. 45 at 6.) The Plaintiff argues in its motion for clarification that the Defendant, not the Plaintiff, had the burden to plausibly allege that the appeal fee exceeded the Defendant's administrative costs. (ECF No. 48 at 4-5.) However, the Court has already considered this argument as it was raised by the Plaintiff multiple times in the motion to dismiss briefing. (ECF No. 23 at 10-12; ECF No. 35 at 9-10.) The Court denies the motion, which merely rehashes arguments that were previously rejected.

In the alternative to reconsideration, the Plaintiff argues that it "should have been given leave to amend to satisfy" the appeal fee burden. (ECF No. 48 at 5.) The Plaintiff never moved for leave to amend. This belated request is improper and is therefore denied. *See Newton v. Duke Energy Florida, LLC,* 895 F.3d 1270, 1277 (11th Cir. 2018) ("[W]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly."); *Avena v. Imperial Salon & Spa, Inc.*, 740 Fed. App'x 679, 683 (11th Cir. 2018) ("[W]e've rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend.") (noting also that "a motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment") (quotations omitted).

**Done and ordered** at Miami, Florida on April 23, 2020.

_____
Robert N. Scola, Jr.
United States District Judge